IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ENGLE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-0323 |
| | : | |
| ANDREW M. SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[1] | : : : | |
| Defendant. | : | |

Henry S. Perkin, M.J.                                                                          March 31, 2021

## MEMORANDUM

Plaintiff, Cynthia Engle ("Plaintiff"), brings this action under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g) by reference, to review the final decision of the Commissioner of Social Security ("Defendant"), denying her claim for Disability Insurance Benefits ("DIB") provided under Title II of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-434. Subject matter jurisdiction is based upon section 205(g) of the Act. 42 U.S.C. § 405(g). Presently before this Court are Plaintiff's Brief and Statement of Issues in Support of Request for Review (ECF No. 18); Defendant's Response to Request for Review of Plaintiff (ECF No. 19); and Defendant's Response to the Court's November 12, 2020 Order (ECF No. 21). For the reasons that follow, Plaintiff's request for review will be granted in part, and the matter will be remanded to the Commissioner in accordance with the fourth sentence of 42 U.S.C. § 405(g) for further proceedings.

---

[1]   Andrew M. Saul became the Commissioner of Social Security in June 2019. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted as a party in place of Nancy A. Berryhill, who was Acting Commissioner from January 23, 2017 through June of 2019.

I.      **PROCEDURAL HISTORY**

Plaintiff filed her application on December 10, 2015, alleging disability since December 1, 2012 due to hypertension, gastroesophageal reflux disorder ("GERD"), degenerative disc disease, diabetes, arthritis, and "chronic nonalcoholic" (fatty liver). (Tr. 146, 164-65.) Plaintiff's date last insured was December 31, 2017, requiring her to establish that she became disabled on or before that date to qualify for DIB. *See* 20 C.F.R. § 404.101(a). Thus, the relevant period for review is December 1, 2012 through December 31, 2017.

On February 5, 2016, the state agency denied Plaintiff's claim, finding that she was not disabled. (Tr. 98-102.) On April 14, 2016, Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 103-04.) A video hearing was held before ALJ Roseanne M. Dummer on January 30, 2018. (Tr. 61-89.) Plaintiff appeared and testified at the ALJ hearing in Reading, Pennsylvania without representation or counsel, ALJ Dummer conducted the hearing from Falls Church. Virginia, and vocational expert ("VE") Jill Klein Radke appeared by telephone.[2] (Tr. 63-64, 86.) On June 7, 2018, ALJ Dummer issued an unfavorable decision, finding that Plaintiff was not disabled. (Tr. 25-45.) Plaintiff then requested review of the decision before the Appeals Council which denied her request on March 14, 2019. (Tr. 1-6.) Thus, the ALJ's June 7, 2018 decision became the final decision of the agency.

Plaintiff initiated this civil action on January 21, 2020, seeking judicial review of the Commissioner's decision. ECF No. 1. The case was assigned to U.S. Magistrate Judge Jacob P. Hart (Ret.), and on May 7, 2020, Plaintiff was deemed to have consented

---

[2]    The transcript indicates that the hearing was a video hearing, only the audio portion was recorded, and the VE testified by videoconference telephone. (Tr. 28, 63-64, 86.).

to the jurisdiction of a Magistrate Judge.[3] ECF No. 10.  On July 9, 2020, the case was reassigned to this Court's docket.  ECF No. 12.  Plaintiff subsequently filed her request for review on August 21, 2020. ECF No. 18. The Commissioner filed the response on September 18, 2020. ECF No. 19.

While Plaintiff's case was administratively pending, the Supreme Court held in *Lucia v. SEC*, 138 S. Ct. 2044 (2018) that ALJs in the Securities and Exchange Commission ("SEC") are "Officers of the United States" and therefore must be appointed consistent with the Appointments Clause, U.S. Const. art. II, § 2, cl. 2. *Lucia*, 138 S. Ct. at 2051–56.[4] Because the SEC ALJs were not appointed in accordance with the Appointments Clause, the Supreme Court remanded the case for a new hearing before a different, constitutionally appointed ALJ. *Id.* at 2055. When the Supreme Court issued the *Lucia* opinion on April 23, 2018, Social Security Administration ("SSA") ALJs were appointed from a pool of applicants maintained by the Office of Personnel Management. *Menoken v. McGettigan*, 273 F.Supp.3d 188, 192 (2017). Following the *Lucia* decision, the President signed an Executive Order on July 10, 2018 directing the hiring of ALJs by individual agencies and not the OPM central pool. Exec. Order No. 13843, 83 Fed, Reg. 32755 (July 10, 2018). That Order prospectively changed the appointment process of ALJs but did not affect the status of previously appointed ALJs. *Id.*

---

[3] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. 636(c).  *See* Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program)(E.D. Pa. Sept. 4, 2018).

[4] The Appointments Clause states: [A]nd he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments. U.S. Const. art. II, § 2, cl. 2.

In response to *Lucia*, the Acting Commissioner of Social Security reappointed the Agency's administrative judges under her own authority on July 16, 2018. Though *Lucia* was decided in the limited context of SEC ALJs, social security claimants, in their appeals to federal court, began challenging the appointments of the SSA ALJs that denied their disability claims. *See, e.g., Perez v. Berryhill*, No. 18-1907 (E.D. Pa. Jan. 7, 2019); *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. Mar. 4, 2019); *Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559 (E.D. Pa. Apr. 16, 2019); *Muhammad v. Berryhill*, 381 F. Supp. 3d 462 (E.D. Pa. May 23, 2019). In response, the Commissioner conceded in these cases that the ALJs were subject to the Appointments Clause and, thus, had been unconstitutionally appointed. *See, e.g., Cirko ex rel. Cirko v. Commissioner of Social Security*, 948 F.3d 148, 152 (3d Cir. 2020). Despite this concession, the Commissioner contended that claimants were not entitled to relief because "they had not previously presented their Appointments Clause challenges to their ALJs or the Appeals Council and thus had not exhausted those claims before the agency." *Id.* In January 2020, the Third Circuit disagreed with the Commissioner's argument, holding that claimants were not required to exhaust their Appointments Clause challenges at the administrative level. *Cirko*, 948 F.3d at 153. Accordingly, the Court remanded the cases for hearings before constitutionally appointed ALJs other than those who presided over the claimants' first hearings. *Id.* at 159-160.

In light of the *Cirko* decision, this Court ordered the parties to address its applicability to this case on November 12, 2020. ECF No. 20. The Commissioner filed a brief on the issue, asserting that Plaintiff forfeited the issue because she did not raise the Appointments Clause claim "at any point during this litigation, let alone in a timely

fashion." ECF No. 21.  In the alternative, the Commissioner requests that, "[s]hould the Court, however, find the issue must be decided," the Court should stay this matter pending the Supreme Court's decision in the consolidated appeals in *Carr v. Saul*, — S.Ct. —, No. 19-1442, 2020 WL 6551771 (U.S. Nov. 9, 2020) (granting petition for writ of certiorari); *Davis v. Saul*, — S.Ct. —, No. 20-105, 2020 WL 6551772 (U.S. Nov. 9, 2020) (same). *Id.*

## II.     DISCUSSION

The Court first notes that it agrees with the Commissioner that Plaintiff forfeited her Appointments Clause argument. "'[F]orfeiture is the failure to make the timely assertion of a right,' an example of which is an inadvertent failure to raise an argument." *Barna v. Bd. of Sch Directors of Panther Valley Sch Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (explaining the difference between forfeiture and waiver); *see also Grant for A.D. v. Saul*, No. CV 18-1338, 2020 WL 1531664, at *1 (E.D. Pa. Mar. 31, 2020) ("A party forfeits a claim when she negligently fails to address it in her opening brief."). In similar cases where the plaintiffs did not raise the Appointments Clause issue in their opening briefs, courts in this district and in the Western District of Pennsylvania have found that those plaintiffs forfeited – rather than intentionally waived – their right to challenge the constitutionality of the ALJ's appointment. *See Hiben v. Saul,* 2020 WL 2571895, at *2 (May 20, 2020); *Waldor v. Saul*, No. CV 18-1165, 2020 WL 2557340, at *2 (W.D. Pa. May 20, 2020); *Schaffer v. Saul*, Civ. A. No. 19-1153, 2020 WL 2526938, at *2 (W.D. Pa. May 18, 2020); *Campbell v. Saul*, No. 2:19-CV00378, 2020 WL 2526897, at *3 (W.D. Pa. May 18, 2020); *Grant for A.D.*, No. 18-1338, 2020 WL 1531664, at *1 (E.D. Pa. Mar. 31, 2020). Accordingly, I similarly find that Plaintiff's failure to raise the

Appointments Clause argument constitutes a forfeiture of this issue. Despite Plaintiff's forfeiture, for the reasons that follow below, an Appointments Clause challenge will be considered and the case remanded to the Commissioner for further proceedings.

Generally, courts will not reach an unpreserved, forfeited issue absent "exceptional circumstances." *Barna*, 877 F.3d at 147. These circumstances arise "when the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s]." *Id.* (alterations in original) (quoting *United States v. Anthony Dell'Auilla, Enters. & Subsidiaries*, 150 F.3d 329, 335 (3d Cir. 1998)).[5] Where the issue presents a "pure question of law," courts are "slightly less reluctant to bar consideration." *Id.* (citing *Hormel v. Helvering*, 312 U.S. 552, 557 (1941)). The Third Circuit has observed that it will reach "a pure question of law even if not raised below where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance." *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005) (quoting *Loretangeli v. Critelli*, 853 F.2d 186, 189-90 n.5 (3d Cir. 1988)). An Appointments Clause challenge is not fact sensitive, but purely a legal matter. Such a challenge implicates "both individual constitutional rights and the structural imperative of separation of powers." *Cirko*, 948 F.3d at 153 (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 536-37 (1962)). Further, both "the Supreme Court and the Third Circuit have stressed that Appointments Clause claims should be addressed on the merits despite waiver or forfeiture." *Grant for A.D.*, 2020 WL 1531664, at *2. In *Freytag v. Comm'r*, the Supreme Court considered an Appointments Clause challenge on the merits

---

[5] Where the case involves "uncertainty in the law" or "intervening change in the law," such as is in the case before the Court, exceptional circumstances may exist. *Barna*, 877 F.3d at 147 (citing *Flynn v. Comm'r of I.R.S.*, 269 F.3d 1064, 1068-69 (D.C. Cir. 2001)).

even though the petitioner explicitly consented to trial before a "Special Trial Judge" in Tax Court and raised the objection to his appointment for the first time before the court of appeals. 501 U.S. 868, 878–79 (1991). In deciding to exercise its discretion to hear the challenge, the Supreme Court noted "that the disruption to sound appellate process entailed by entertaining objections not raised below does not always overcome . . . 'the strong interest of the federal judiciary in maintaining the constitutional plan of separation of powers.'" *Id.* at 879 (quoting *Glidden Co. v. Zdanok*, 370 U.S. 530, 536 (1962) (describing *Lamar v. United States*, 241 U.S. 103 (1916), where an Appointments Clause challenge was determined upon its merits, despite the fact that it had not been raised until the filing of a supplemental brief before the Supreme Court)). The Third Circuit also emphasized the importance of reviewing Appointments Clause challenges in *Cirko*, finding that "Appointments Clause challenges - given their importance to separation of powers and, ultimately, individual liberty - are claims for which a hearing on the merits is favored." 948 F.3d at 155.[6]

The Defendant states that the Third Circuit has found that *Cirko* is not without limits, citing to *Sydnor v. Robbins*, 827 F. App'x 192, 195 (Sept. 21, 2020), in support of his litigation forfeiture argument. *Sydnor* is distinguishable from the instant case because the *Sydnor* plaintiff raised a *Lucia* challenge through a motion for reconsideration after

---

[6] While the *Cirko* court never explicitly addressed the issue of claimants who failed to raise an Appointments Clause claim at the district court, neither did the court rule them out. The plaintiff in *Cirko* filed his request for review prior to the *Lucia* decision. Consequently, he did not raise an Appointments Clause challenge in his opening brief before the district court, but did so for the first time in objections to the report and recommendation of Chief Magistrate Judge Susan E. Schwab. *See Cirko o/b/o Cirko v. Berryhill*, No. 1:17-CV-680, 2019 WL 1014195, at *1 (M.D. Pa. Mar. 4, 2019), *aff'd sub nom. Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). Nevertheless, the district court considered the challenge and ultimately remanded the matter to the Commissioner on that ground. *Id.* at *2. The Third Circuit did not expressly comment on the plaintiff's failure to raise the issue in his opening brief, but it did note that its decision was "limited to the hundreds . . . of claimants whose cases are already pending in the district courts . . ." *Cirko*, 948 F.3d at 159 (emphasis added).

judgment had been entered. *Sydnor*, 827 F. App'x at 194. Moreover, Sydnor's *Lucia* challenge came more than a decade after the final administrative decision in that case. *See id.* (finding that the plaintiff's "current challenge against the appointment method for the officer who decided his suitability for employment in 1998 is anything but timely" and was therefore precluded). Because the instant case is factually distinct from *Sydnor*, this Court concludes that *Sydnor* is inapposite.  *See Schultz v. Saul*, No. 1:19-CV-5754, 2020 WL 7640474, at *4 (D.N.J. Dec. 23, 2020). Given the importance of reviewing Appointments Clause arguments on the merits, as highlighted by both the Third Circuit and Supreme Court, this Court finds that exceptional circumstances exist to excuse forfeiture as failure to address a significant issue, purely legal in nature, would result in a miscarriage of justice.

Overlooking the issue in the face of the opinions in *Cirko* invites an appeal by the plaintiff, frustrating judicial efficiency and increasing the expenditure of judicial resources. *Grant v. Saul*, No. CV 19-2555, 2020 WL 977323, at *4 (E.D. Pa. Feb. 28, 2020). There is also a more general concern about the "public perception of fairness" as numerous social security litigants have received remands "based on Appointments Clause lapse no different in kind or severity than the error in this case." *Grant*, 2020 WL 977323, at *4. If not for Plaintiff's failure to raise the Appointments Clause challenge in her opening brief, there is no dispute that *Cirko* applies and would require remand. *Id.* As noted in *Cirko*, the Appointments Clause safeguards significant individual liberty interests as it reinforces the structural principles secured by the separation of powers. *Cirko*, at 948 F.3d 154, 156. The need to protect these individual rights is particularity acute in the social security context where "claimants 'physical condition and dependency

on the disability benefits' are at issue." *Id.* at 157 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976)). Due to the importance of considering Appointments Clause challenges on the merits, exceptional circumstances exist to excuse forfeiture and avoid depriving Plaintiff of rights to which she is manifestly entitled.

ALJ Dummer heard Plaintiff's case on January 30, 2018 and issued an unfavorable decision on June 7, 2018, yet it was not until July 16, 2018 that the Acting Commissioner ratified the appointments of the agency's ALJs and approved these appointments as her own. Thus, ALJ Dummer was not properly appointed under the Appointments Clause of the United States Constitution when she adjudicated and decided Plaintiff's case. Because forfeiture of Plaintiff's Appointments Clause challenge is excused, the matter is remanded to the Commissioner.

As previously discussed, the Commissioner requests that this Court stay the matter pending the Supreme Court's decision in the consolidated appeals in *Carr v. Saul*, — S.Ct. —, No. 19-1442, 2020 WL 6551771 (U.S. Nov. 9, 2020) (granting petition for writ of certiorari); *Davis v. Saul*, — S.Ct. —, No. 20-105, 2020 WL 6551772 (U.S. Nov. 9, 2020) (same). *Id.* In these two cases, the United States Court of Appeals for the Eighth and Tenth Circuits split with Third Circuit on the question of administrative forfeiture. *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020) (finding that plaintiffs forfeited their Appointments Clause claims by not raising them during Social Security administrative proceedings); *Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020) (same). Whether to stay litigation is a matter left to a court's discretion. *See Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). The United States Supreme Court has observed that: (T)he power to stay proceedings is incidental to the power inherent in

every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Because a stay "is an extraordinary measure ... [it] should only be granted in 'exceptional circumstances." *In re Chickie's & Pete's Wage & Hour Litig.*, Civ. No. 12-6820, 2013 WL 2434611, at *2 (E.D. Pa. June 5, 2013) (quoting *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, Civ. No. 11-1751, 2012 WL 2050923, at *4 (E.D. Pa. June 7, 2012)) (citing *Colo. River Water Conserv'n Dist. v. United States*, 424 U.S. 800, 813 (1976)). In determining whether to grant a stay, the court must consider "whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." *Airgas, Inc. v. Cravath, Swaine & Moore LLP*, Civ. No. 10-612, 2010 WL 624955, at *3 (E.D. Pa. Feb. 22, 2010) (citing *Landis*, 299 U.S. at 254-55). Considering the factors discussed above in determining whether to stay this matter, this Court finds that a stay is not warranted. This case has been pending for over three years, and thus, further delay would clearly work to Plaintiff's prejudice. Lastly, the Commissioner does not point to any hardship or inequity that will result to him should this case not be stayed. In view of these considerations, a stay of this case at this point would not evenly balance the parties' interests nor would it advance the interest of judicial economy. *See Landis*, 299 U.S. at 254–55. In addition, as noted by courts in the District of New Jersey, *Cirko* remains binding precedent in the Third Circuit and Defendant has determined not to pursue further review of that decision

by the Supreme Court. *See, e.g., Charran v. Saul*, No. 1:19-CV-1470, 2020 WL 7586952, at *2 (D.N.J. Dec. 22, 2020); *Hupperich v. Commissioner of Social Security*, 1:19-CV-14210, 2020 WL 7351213, at *2 (D.N.J. Dec. 15, 2020). Even though Defendant has petitioned the Supreme Court concerning decisions made by the Eighth Circuit and the Tenth Circuit, the law in this circuit is settled.

An appropriate Order follows.